[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST FOR LEAVE TO AMEND (#109)
Presently before the court is the apportionment defendant's objection to the plaintiff's request for leave to amend her complaint. The plaintiff, Clemmie McFarland, seeks leave to amend her complaint to include a negligence count against the apportionment defendant, Michael Zeidner. Zeidner, however, objects to McFarland's request, arguing that McFarland failed to plead over against him within sixty days from the return date of the apportionment complaint as required by General Statutes § 52-102b (d).[1] McFarland, counters that Zeidner may not raise the timeliness issue on an objection and that she should be allowed to amend her complaint because the provisions of § 52-102b (d) are discretionary rather than mandatory. This court does not find McFarland's arguments pursuasive.
"Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not on the remedy alone. . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations omitted; internal quotation marks omitted.) Ecker v. West Hartford,205 Conn. 219, 231-32, 530 A.2d 1056 (1987); Petro v. Gonsor, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354832 (June 5, 2001, Rush, J.). Thus, Zeidner may raise the timeliness issue by objecting to McFarland's request to revise.
The court now turns to the merits. In the present case, the apportionment complaint had a return date of January 1, 2002. McFarland, however, did not file a request to revise her complaint until March 18, 2002 — over sixty days later. This court, therefore, finds that CT Page 15703 McFarland may not bring a cause of action against Zeidner, and thus, may not amend her complaint. Other superior court cases have come to similar conclusions. See, e.g., Petro v. Gonsor, supra, Superior Court, Docket No. 354832; Perazelli v. Tilcon Connecticut, Superior Court, judicial district of Waterbury, Docket No. 154903 (November 6, 2000, Rogers, J.);Verner v. Lovallo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161204 (October 13, 1998, D'Andrea, J.)
For the foregoing reasons, Zeidner's objection to McFarland's request for leave to amend is sustained.
The Court
 By ___________________ Moran, J.